(No. 3186— ▮▮▮▮▮▮)

Ford Murray Decker, Claimant, vs. State of Illinois, Respondent.

*Opinion filed March 25, 1938.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein seeks an order of this court, directing that the Auditor's Office deliver to him Illinois State Warrant No. 338139, for $100.00, heretofore issued payable to "Napoleon Bross Decker" but withheld from delivery to the latter for the apparent reason that no address had been provided to which it could be sent. A report from the Hon. C. N. Black, Adjutant General of Illinois, states that Tracy Kilpatrick Decker, a World War Veteran, was killed in action in France in June, 1918. A claim for the Illinois bonus was filed under No. 252343 and $300.00 was allowed thereon to be divided equally between his two brothers and sister, i. e. Ford Murray Decker, Napoleon Bross Decker and Margaret Decker Shols. Illinois Warrant No. 338138, for $100.00, was delivered to and cashed by Ford Murray Decker. Warrant No. 338139 for $100.00, was not forwarded to the payee Napoleon Bross Decker, for the reason that he apparently provided no address to which it could be sent. Voucher No. 5312 of the State Treasurer's records carries the following notation, "Hold check for address." This Warrant is still held in the files of the State Auditor.

Claimant bases his claim on the following purported fact, i. e. that his brother Napoleon Bross Decker assigned to him his claim to the said $100.00.

The Adjutant General's report states that the purported assignment was made and is held in the Adjutant General's Office. That it was supposedly signed and sworn to on March 4, 1930 in Cook County, Illinois, and that the said Napoleon Bross Decker was then a resident of Bridgeport, Connecticut. That such assignment was some three months after Ford Murray Decker had stated to that office that he was the sole

heir of Tracy Kilpatrick Decker. The Adjutant General's Office notified claimant herein on March 6, 1930 that the assignment or waiver in question was illegal.

The Attorney General has filed a motion to dismiss the present claim and denies the right of this court as a matter of jurisdiction to issue an order commanding the Auditor's Office to issue said warrant; it being the contention of the Attorney General that if claimant is legally entitled to said warrant he has a remedy in the courts of general jurisdiction; further, that claimant's complaint shows upon its face that his claim at this time is barred by the statute of limitations.

We are of the opinion that the objection as to the jurisdiction of the court to grant relief in the nature of an injunction or mandamus must be sustained. The Court of Claims has no authority to enter an order compelling State officers to deliver a warrant. Recourse of such nature must be had by claimant in the Civil Courts.

Where claimant has a complete and adequate remedy at law the Court of Claims will not take jurisdiction. (*Mohawk Carpet Mills* vs. *State,* 8 C. C. R. 37.)

As jurisdictional rights are not being taken by the Court of Claims, it is not essential to pass upon the other questions raised.

The motion of respondent to dismiss the application is allowed and the claim dismissed.